Considered by STERNHAGEN and ARUNDELL.

---

IRVING BANK-COLUMBIA TRUST CO., BEULAH H. EMMET, AND CORDELIA H. CUSHMAN, EXECUTORS OF THE LAST WILL AND TESTAMENT OF ALONZO BARTON HEPBURN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9651.    Promulgated October 17, 1927.

> That part of the income received by the executors during the administration and settlement of the estate, which, pursuant to the terms of the will, had been permanently set aside during the taxable period as belonging to charitable and educational corporations, *held* to be a proper deduction from the gross income of the estate, under section 219 (b) of the Revenue Act of 1921.

*John D. Fearhake, Esq.*, and *R. M. White, Esq.*, for the petitioners.
*D. D. Shepard, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the period January 26, 1922, to December 31, 1922, inclusive, in the amount of $121,712.85. The facts have been stipulated by the parties, and the single issue of law presented is whether the amount of $231,506.81, representing that portion of the income received by the executors during the period of administration and settlement of the estate, which had been permanently set aside during the taxable period, pursuant to the terms of the will, as belonging to charitable and educational corporations was a proper deduction from gross income under the provisions of section 219 (b) of the Revenue Act of 1921.

FINDINGS OF FACT.

left a last will executed February 19, 1918, and two codicils thereto dated February 19, 1920, and January 19, 1921, respectively, which were duly admitted to probate on February 7, 1922, by the surrogates' court of said county and the appointment therein of the said executors was confirmed.

Upon their appointment, the executors caused an appraisal of the estate to be made, and took into their possession property valued in said appraisal at $7,484,890.69, of which securities represented a value of $6,632,981.33. Practically all of said securities were listed on the New York Stock Exchange and were readily salable. During the taxable period involved, interest, dividends and other accruing income and monies were collected; notice to creditors to present their claims was published for the time and in the manner prescribed by law; all claims and current and other expenses incidental to and connected with the administration of the estate were paid; a large amount of the property was sold; all specific devises and bequests were delivered; all general or money legacies were paid in full; and generally, the affairs of said estate were managed and conducted in compliance with the will and codicils and in accordance with the rules and practice of said surrogates' court, and resulted in the filing by the executors of an intermediate accounting verified August 23, 1923. This intermediate accounting was thereafter judicially allowed and settled by a decree of said court entered December 14, 1923.

During the taxable period, the executors collected in interest and dividends on the property of the estate $233,313.02, no part of which represented profits on sales. The executors paid funeral expenses, claims, Federal and sundry State inheritance taxes, Federal and State income taxes accrued against decedent in his lifetime, and current and incidental expenses of administration (exclusive of legacies) in the total amount of $1,011,304.47. During the same period, the executors delivered all specific devises and bequests of property, of the total value, as appraised by the executors, of $219,320.37, and paid in cash all money legacies in the amount of $2,929,000.

The seventh paragraph of the first codicil to the last will and testament of decedent provided as follows:

Seventh: I hereby revoke and cancel the Ninth Paragraph of my said Last Will and Testament, and the whole thereof, and in lieu and instead thereof, I hereby direct my said Executors and Trustees named in my said Last Will and Testament, after paying any and all gifts, devises and bequests, or making proper provision therefor, as in my said Last Will and Testament and in this my First Codicil, hereinbefore provided, to pay over and distribute all the rest, residue and remainder of my estate among my wife, Emily L. Hepburn, my daughters, Beulah H. Emmet and Cordelia S. Hepburn, my son, Charles Fisher Hepburn, and to add to the trust fund provided by Paragraph Sixth of my said Last Will and Testament and as modified, changed and increased by

paragraph Third of this Codicil, and among the various Educational Institutions named in said Eighth Paragraph of my said Last Will and Testament as modified by Article Fifth of this Codicil, namely,—St. Lawrence University, Middlebury College, Wellesley College, Williams College and Columbia University, and A. Barton Hepburn Hospital located at Ogdensburg, New York, in the ratio or proportion which the several gifts, devises and bequests made to any of said persons or corporations in my said last Will and Testament, as modified by this Codicil, shall bear to the entire residue of my estate, as the same shall be ascertained and determined in due course of administration, and that the said several sums or amounts be paid to said devisees or legatees as soon as possible in due course of administration after my decease, absolutely and for their own use.

The second codicil revoked and canceled so much of the eighth paragraph of the will as gave the sums therein mentioned to Wellesley College and Williams College, and also revoked and canceled so much of the seventh paragraph of the first codicil as included said colleges as participants in the distribution of the residue and remainder of the estate.

The total amount of all gifts, devises and bequests to the persons and corporations sharing in the residue, other than their interests in the residue itself, was $3,067,804.87. The total amount of the gifts, devises and bequests to the hospital and educational institutions, other than their interest in the residue itself, was $700,000. Pursuant to the formula prescribed in the seventh paragraph of the first codicil for determining the interests of the persons and corporations sharing in the residue of the estate, the executors divided the total amount of the gifts, devises and bequests to such beneficiaries into the specific or several amounts given to each. The combined interest of the hospital and educational institutions was determined by dividing the total of the gifts, devises and bequests to them, in the amount of $700,000, by the aggregate of all gifts, devises and bequests to the residuary legatees in the amount of $3,067,804.87, which resulted in the fraction 0.22817618.

During the taxable period involved herein, and after determining in the manner above mentioned the fractional interests of the several beneficiaries sharing in the residue of the estate, the executors opened an account in a book auxiliary to the main ledger in which the estate accounts were kept, in which auxiliary account were recorded, amongst other things, the respective fractional shares of the residuary legatees. The aggregate of the several fractional shares of the hospital and educational corporations, so determined and recorded, was the said fraction 0.22817618, and the said fraction determined and fixed the exact aggregate interest of said corporations in the whole or any part of the residuary estate.

During the period involved, the executors kept the accounts of the estate upon the cash receipts and disbursements basis, and so reported its income.

On March 15, 1923, the executors filed an individual income-tax return on behalf of the estate for the taxable period involved herein, in which was listed the amount of $943,612.21 as representing the net profit on sales of securities of the estate, based upon the executors' appraisal. Due to the fact that respondent made certain changes in the executors' appraisal of the values of the securities, the executors thereafter filed an amended income-tax return in which the amount of the profits on sales was shown as $894,481.82. In the amended return the executors claimed a deduction from gross income in the amount of $231,506.81 as representing the portion of the said profits on sales distributable to the hospital and educational corporations, as determined by said fraction.

Under the second paragraph of the will, the executors were authorized and directed at their discretion to pay and satisfy any legacies either in money or specific property at the valuation placed thereon by the executors' appraisal, to be by them selected, or partly in money and partly in such articles. In the exercise of the discretion so conferred, and because it would have been impracticable to have sold the securities in their entirety for the reason that such sales would have depressed the market and the estate would thereby have suffered serious losses, the executors sold the securities in small lots from time to time during the taxable period involved.

After the close of said period, the executors continued to sell securities of the estate, and the proceeds of such sales, added to those of the prior sales, were paid over to the hospital and educational corporations between the dates of February 5, 1923, and July 25, 1923, to the extent of the amount of $875,000, which included the amount claimed by the executors as a deduction in the amended return.

Pursuant to the terms of the decree allowing the intermediate accounting, the executors set aside in their hands property of the estate of the value of more than $500,000 to secure the payment of any sums that might be found due on account of additional Federal or State income or inheritance taxes, or claims against the estate that might arise. The property so retained was part of the estate taken over by the executors at the testator's death, and no part thereof was profits on the sales of securities.

OPINION.

TRAMMELL: The material facts of this proceeding, as set out in our findings hereinabove, have been stipulated by the parties, who differ only as to the construction or application of the provisions of section 219 (b) of the Revenue Act of 1921. Subdivision (a) of that section provides that the tax imposed by sections 210 and 211 shall apply to the income of estates, including income received by estates

of deceased persons during the period of administration and settlement of the estate; and subdivision (b) provides that:

* * * The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. * * *

The section last mentioned provides:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

*      *      *      *      *      *      *

(11) Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual * * *.

There is no dispute that the gifts, the income or profits from the sale of which forms the subject matter of this proceeding, were made to corporations coming within the above classification. Accordingly, the only issue presented for our decision is whether that part of the income or profits received by the executors during the period of administration and settlement of the estate from the sales of securities during the taxable period involved, which was allocable to and ultimately destined to be paid over to the charitable and educational corporations, constituted a lawful deduction from the gross income of the estate. The executors deducted in the amended return the amount of $231,506.81 from the gross income as representing that part of the net profits received from the sale of securities allocable to the charitable and educational corporations. Respondent disallowed said deduction and computed the deficiency involved herein.

The statute provides that any part of the gross income shall be so deductible, if, pursuant to the terms of the will, it is during the taxable year paid or permanently set aside for such purpose. The facts show that the income in question was not paid to the corporations during the taxable period, nor was any specific amount credited to them on the books of the estate during that period. Only the fractional interest of each residuary legatee was determined and recorded. Can it be said then that the amount claimed as a deduction was permanently set aside for charitable and educational purposes during the taxable period?

Precisely the same question was before us in *Appeal of Herbert Jermain Slocum et al., Executors*, 6 B. T. A. 36, and our decision there is controlling here.   In that connection, we said:

* * * We think that under the provisions of subdivision (b) of section 219 it was not necessary for the entry to be made upon the books crediting the income to these residuary legatees in order for it to be allowable as a deduction by the estate in computing its net income, if it can be said that such income was permanently set aside for the residuary legatees pursuant to the terms of the will.

*        *        *        *        *        *        *

We think that Congress intended by subdivision (b) of section 219 that all or any portion of the gross income of an estate should be deductible when, conformable to and in pursuance of the provisions of the will, it was appropriated and dedicated finally and for all time to charitable and religious uses as specified in section 214 (a) (11), so that, thereafter, there would be no changes which would destroy the character of such action. * * * Subdivision (b) of section 219 does not make the deduction depend upon the crediting or payment but upon the permanent setting aside of the income for charitable, religious, or educational purposes.   The will directed that the residuary estate * * * be distributed to the exempt institutions.   When the executors received the income it became a part of the residuary estate and was permanently set aside for and belonged to the exempt institutions.   It was, therefore, a proper deduction by the estate.

See also *Slocum v. Bowers*, 15 Fed. (2d) 400, affirmed by the Circuit Court of Appeals, Second Circuit, 20 Fed. (2d) 350.

In the *Slocum* case, *supra*, the entire residuum of the estate, and hence the entire income thereon, was given to the exempt institutions.   In the instant case, only a specified portion of the residuary estate, and hence only a proportionate part of the income thereon, was given to such corporations.   However, the principle involved is exactly the same, particularly in view of the express provision of the statute that any part of the gross income under the conditions stated, shall constitute an allowable deduction, without limitation.   The facts in the *Slocum* case, *supra*, are very similar to those in this proceeding, with the exception just mentioned.

In the instant case, it was the duty of the executors, under the directions contained in the seventh paragraph of the first codicil to the will, after paying any and all gifts, devises and bequests, to pay over and distribute the residue of the estate among the legatees specifically mentioned therein, including the charitable and educational institutions, in the ratio which the several gifts bore to the entire residue of the estate as the same should be determined in the due course of administration; and it was further directed that the several amounts be so paid to the said legatees as soon as possible in due course of administration, absolutely and for their own use.

Prior to the end of the taxable period involved, the executors had delivered all specific bequests and paid all general or money legacies

in full, together with all claims against the estate and expenses of administration. Subsequently, they set aside a part of the corpus of the residue to cover any additional tax liability or claims against the estate which might arise; and during the taxable period determined and recorded the exact fractional interest of each residuary legatee in the whole or any part of the residue of the estate. The net profits on the sales of securities received during the taxable period became a part of the residuary estate. Those profits, together with the balance of the proceeds of the sales, were permanently set aside for and belonged to the residuary legatees according to their respective fractional interests, determined pursuant to the terms of the will, and actual distribution thereof was commenced early in the succeeding year. Accordingly, we must hold that that part of the profits or income which was thus permanently set aside for and which belonged to the charitable and educational corporations constituted a proper deduction from the gross income of the estate.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by Smith and Littleton.